**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DOUGLAS C. BARTON, | : | |
| Plaintiff, | : | Case No. 3:14cv00001 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| JUDGE STEVEN L. HURLEY, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff Douglas C. Barton brings this case *pro se* challenging the continuance of a hearing in the Greene County Domestic Relations Court ordered by Magistrate Kimberly Metzler-Stump.  Barton understood that the hearing was supposed to address his opposition to a protection order granted against him during a previous ex-parte hearing, presumably in a domestic relations matter.  He alleges, in part, that the Domestic Relations Court "has demonstrated bias and prejudice against me as a male."  (Doc. #1, PageID at 3).

This matter is before the Court upon Plaintiff's Motion for Emergency Hearing (Doc. #9) and the record as a whole.  At present, Defendants' answers or responses to the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Complaint are not yet due, and they therefore have not had the opportunity to respond to Plaintiff's Motion for Emergency Hearing.

Plaintiff's Motion requests "an emergency injunction to vacate the orders issued by Defendants in Greene County Domestic Relations Court case #2013-DV-0193. Specifically to terminate the temporary protection order granted ex-parte by Defendants." (Doc. #9, PageID at 18) (capitalization omitted). He further states:

> The Defendants refused the motion for a hearing by the attorney representing me in that case (2013-DV-0193). They then consolidated 3 cases into 1 hearing on 2/7/14.
>
> I was arrested/detained by 88th Security Forces (Military Police) for possible violation of protection order on 1/21/14 related to case 2013-DV-0193. If this is not resolved immediately my civilian employment will likely be terminated. I have already been contacted by my civilian employer regarding this matter and my military (Reserves) Supervisors.

*Id*. (capitalization omitted).

Construing Plaintiff's *pro se* motion liberally in his favor, and noting again that Defendants have yet to appear or respond to the Complaint, the ex-parte injunctive relief he seeks is potentially available by way of a temporary restraining order (TRO) under Fed. R. Civ. P. 65(b). Plaintiff bears the burden of demonstrating that a TRO is warranted under Fed. R. Civ. P. 65(b). *See Jane Doe v. Barron*, 92 F.Supp.2d 694, 695 (S.D. Ohio 1999) (Dlott, D.J.). In determining whether to issue a TRO, the Court balances four factors:

1. Whether the party seeking the TRO has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the TRO will suffer irreparable harm absent the

      TRO;

3.      Whether the TRO will cause others to suffer substantial harm; and

4.      Whether the TRO will serve the public interests.

*See Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996); *see also Wright v. City of Cincinnati*, 450 F.Supp. 2d 831, 834 (S.D. Ohio 2006) (Rice, D.J.).

Upon consideration of the factual allegations set forth in Plaintiff's Complaint and his Motion for Emergency Hearing, the undersigned finds as follows:

1.      Plaintiff has not shown a substantial likelihood of success on the merits of one or more of his claims seeking injunctive relief in light of the potential applicability of abstention under *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 750 (1971).  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11, 107 S. Ct. 1519, 1525-26 (1987); *see also Mann v. Conlin*, 22 F.3d 100, 105-06 (6th Cir. 1994). He has also not demonstrated a substantial likelihood of success as to money damages he seeks against several of the Defendants because of the potential applicability of absolute judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 288 (1991).

2.      Plaintiff's Motion provides scant information related to his allegation that his civilian employment is likely to be terminated "if this matter is not resolved immediately ...."  (Doc. #9, PageID at 18).  Although losing employment certainly constitutes harm, sometimes devastating harm, Plaintiff has not identified circumstances showing that such harm to him will be irreparable. Despite this, even if some weight is applied in Plaintiff's favor on this TRO factor, the record lacks information related to whether a TRO will cause others to suffer substantial harm, and whether a TRO will serve the public interests.

Balancing the TRO factors, three factors – the lack of a substantial likelihood of success plus the absence of facts showing the TRO will cause others harm or will benefit the public – outweigh any weight in Plaintiff's favor as to possible irreparable harm he might incur.  A TRO is therefore unwarranted in this case.  In addition, Plaintiff's Motion does not

3

otherwise demonstrate that an emergency hearing is presently warranted.

Accordingly, Plaintiff's Motion for Emergency Hearing lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Motion for Emergency Hearing (Doc. #9) be DENIED.


January 23, 2014

                                                    s/Sharon L. Ovington
                                                      Sharon L. Ovington
                                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).