**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DOUGLAS C. BARTON, | : | |
| Plaintiff, | : | Case No. 3:14cv001 |
| vs. | : | District Judge Walter Herbert Rice<br>Chief Magistrate Judge Sharon L. Ovington |
| STEVEN L. HURLEY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff Douglas C. Barton brings this case *pro se* alleging that Judge Steven L. Hurley, Magistrate Cynthia Martin, Magistrate Kimberly Metzler-Stump and Sheri Hall ("Defendants"), violated his constitutional rights in violation of 42 U.S.C. §1983, in the course of his state court proceedings. Specifically, Plaintiff alleges that the continuance of a hearing in the Greene County Domestic Relations Court ordered by Magistrate Kimberly Metzler-Stump violated his due process rights. Barton understood that the hearing was supposed to address his opposition to a protection order granted against him during a previous ex-parte hearing. He alleges, in part, that the Domestic Relations Court "has demonstrated bias and prejudice against me as a male." (Doc. #1, PageID at 3). For relief, Plaintiff seeks "emergency injunctive relief commanding defendant(s) to rescind

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[the] protection order associated with Case 2013-DV-0199, [and] Issue permanent injunctive relief commanding defendant(s) to dismiss with prejudice 2013-DV-0193. Issue permanent injunctive relief preventing defendant(s) from issuing any future orders without a full hearing. Issue monetary damages of $200,000 per day from 11/27/2013." (Doc. # 1, PAGEID # 4).

This matter is before the Court upon Defendants Motion to Dismiss (Doc. # 11), Plaintiff's Memorandum in Opposition (Doc. # 14), Defendants Reply (Doc. # 18), and the record as a whole.

To determine whether a Complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

In his Complaint, Plaintiff alleges:

Magistrate Martin "... held an ex parte hearing and granted a protection order against me (2013-DV-0193). The full hearing was scheduled for 12/4/2013 at 9:30 a.m. I presented myself to the court at 9 a.m. on 12/4/2013 Sheri Hall informed me the Plaintiff's attorney had requested a continuance. I stated I did not agree to a continuance and the court had to provide me within 7 days. Sheri Hall then made a

>point that the protection order was still valid. There was no agreement by myself for a continuance. There was no good cause for a continuance, I had presented myself to the court at the appointed time. As of 1/2/2014 there is no date for a hearing scheduled. The Greene County website CourtView shows that the case has been continued. Kimberly Metzler-Stump was the magistrate who heard my complaint in case 2013-DV-0196 on 11/2/2013. *** The Greene County DRC has demonstrated bias and prejudice against me as a male. The Greene County DRC is continuing to violate my civil rights by not providing due process with no foreseeable means of a remedy. Steven L. Hurley is the Judge of Greene County DRC, and failed to properly supervise the Magistrates and Staff under his supervision.

(Doc. #1, PAGEID # 3).

Judicial officers such as Judge Hurley, Magistrate Cynthia Martin, Magistrate Kimberly Metzler-Stump are absolutely immune from civil suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. None of the exceptions to the doctrine of judicial immunity apply in this case. Because the judicial officers are absolutely immune from money damages for statements made and decisions relating to Court proceedings, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Defendant Sheri Hall is an employee of the Court who advised Plaintiff that the hearing had been continued and further reminded him that the protective order remained in effect. The Sixth Circuit has found "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)

3

(*citing Denman v. Leedy*, 479F.2d 1097, 1098 (6th Cir. 1973) (applying quasi-judicial immunity to a municipal court clerk)). In order to determine whether a function qualifies as judicial or quasi-judicial, the court should consider whether the officer was "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (*citing Scruggs v. Moellering*, 870 F.2d 376 (7th Cir.)).The Supreme Court has adopted this "functional" approach, under which a court "looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley v. Fitzsimmons*, 509 U.S.259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993) (*quoting Forrester v. White*, 484 U.S. 219, 229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988)). Here, Sheri Hall, on behalf of the court, advised Plaintiff as to the status of his case, a task "intertwined with the judicial process." Accordingly, her actions were within the scope of a judicial function and protected by quasi-judicial immunity. Defendant Sheri Hall is entitled to quasi-judicial immunity.

Additionally, Plaintiff's request for equitable relief lacks merit. Under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), when state court proceedings are pending, federalism principals command that constitutional claims should be decided in state court without interference by the federal courts. In order for *Younger* abstention to be appropriate: (1) there must be an ongoing state judicial proceeding; (2) the proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise the

constitutional claims. *Middlesex County Ethics Comm., v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982). At the core of *Younger* abstention is the obligation not to interfere in state court proceedings where the State's interest is most evident.

When Plaintiff filed the instant complaint all three *Younger* requirements were met. The action was pending in the Greene County Domestic Relations Court, it involved a matter of state interest and Plaintiff had the opportunity to raise his challenges to the proceedings. Accordingly, Plaintiff's complaint is subject to dismissal.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Dismiss (Doc. # 11) be GRANTED. Plaintiff's Complaint be **DISMISSED** with prejudice; and

2. This case be terminated on the docket of this Court.

                                                     s/Sharon L. Ovington  
                                                     Sharon L. Ovington  
                                       Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).